IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN A. ROMERO,

    Plaintiff,

vs.                                                                  Civ. No. 10-00591 JP/LAM

JEREMY STOREY, MANUEL FRIAS,
and VINCENT SHADD, individually, and
in their official capacities as law enforcement
Officers for the Las Cruces Police Department, and
THE CITY OF LAS CRUCES, NEW MEXICO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 3, 2010, Defendants filed Defendants' Partial Motion to Dismiss for Failure to State a Claim (Doc. No. 6) (Partial Motion to Dismiss). Having reviewed the briefs and relevant law, the Court determines that the Partial Motion to Dismiss should be granted in part in that the 42 U.S.C. §1983 official capacity claims against the individual Defendants should be dismissed with prejudice but the §1983 claims against Defendant City of Las Cruces will remain unaffected by the dismissal of those claims, and Count VII of the Complaint for Violations of Civil Rights Under 42 U.S.C. §1983, Municipal Liability Under 42 U.S.C. §1983, State Tort Claims, Punitive Damages, and Attorney's Fees Under 42 U.S.C. §1988 (Doc. No. 1) (Complaint) should be dismissed with prejudice.

*A. Background*

Plaintiff brings this lawsuit alleging unlawful arrest and use of excessive police force. Plaintiff is suing Defendants Jeremy Storey, Manuel Frias, and Vincent Shadd individually and in their official capacities as law enforcement officers for the Las Cruces Police Department.

Plaintiff is also suing the City of Las Cruces.

Plaintiff's lawsuit consists of various §1983 claims as well as New Mexico Tort Claims Act (NMTCA) claims. Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss the §1983 official capacity claims against the individual Defendants, Count VII (a NMTCA claim for intentional infliction of emotional distress), and the NMTCA claims brought against Defendant City of Las Cruces.

*B. Standard of Review*

The Court, in accordance with Rule 12(b)(6), may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id*. at 570.

*C. Discussion*

*1. The §1983 Official Capacity Claims Against the Individual Defendants*

The individual Defendants contend first that the §1983 official capacity claims brought against them should be dismissed under Rule 12(b)(6) because there is redundancy between the §1983 official capacity claims asserted against them and the §1983 claims brought against Defendant City of Las Cruces, the individual Defendants' employer. Plaintiff, however, asserts that 1) suing the individual Defendants in their official capacities is not redundant; 2) the

2

Defendants would not be prejudiced if the individual Defendants are sued in their official capacities; 3) even if the official capacity claims are dismissed, the individual Defendants could still be liable in their individual capacities; and 4) if the official capacity claims are redundant, the proper remedy is to allow Plaintiff to amend the Complaint to delete the official capacity language from the caption.

Contrary to Plaintiff's arguments, "[t]he law is well-settled that an action against a municipality and an action against a municipal official acting in his or her official capacity are the same actions." *Summum v. Pleasant Grove City*, __ F.Supp.2d ___, 2010 WL 2330336 *2 (D. Utah) (citing *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 131, 1316 n.2 (10th Cir. 1998); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Karcher v. May*, 484 U.S. 72, 78 (1987)). Consequently, §1983 claims against individual defendants in their official capacities are redundant when those same claims are also brought against the municipal entity that employs the individual defendants. *Id*. That is the case here.

Having determined that the §1983 official capacity claims against the individual Defendants are redundant, the issue becomes whether the Court should dismiss those claims or allow Plaintiff to amend the Complaint's caption to reflect the absence of official capacity claims. Plaintiff cites to *Brandon v. Holt*, 469 U.S. 464 (1985) in support of his proposition that amending the Complaint's caption is the appropriate remedy in this situation. In *Brandon*, plaintiffs in a §1983 lawsuit named the director of police as a defendant without reference to official capacity but did not name the city as a defendant because *Monell v. City of New York Dept. of Social Services*, 436 U.S. 658 (1978) (allowing §1983 lawsuits against municipalities) had not been decided yet. *Brandon*, 469 U.S. at 469. After the United States Supreme Court decided *Monell*, the underlying judicial proceedings in *Brandon* made it clear that plaintiffs were

suing the director of police in his official capacity. *Id*. at 469-71.  The United States Supreme Court in *Brandon* ruled that plaintiffs would be permitted to amend their pleadings under Fed. R. Civ. P. 15(b) "to conform to the proof and to the District Court's findings of fact."  *Id*. at 471.  Rule 15(b) pertains to the amendment of pleadings during or after a trial.

*Brandon* is not very persuasive for several reasons.  First, *Brandon* is distinguishable from this case.  The United States Supreme Court in *Brandon* permitted plaintiffs to add an official capacity claim.  Here, Plaintiff would delete the official capacity reference in the Complaint's caption, much like a voluntary dismissal of the official capacity claims.  Also, the plaintiffs in *Brandon* were allowed to amend the pleadings post-trial under Rule 15(b) to conform to the "proof" or evidence.  The amendment Plaintiff requests in this case would be made pre-trial under Rule 15(a), not under Rule 15(b).  Second, the majority of cases which have dealt with the issue of redundancy in §1983 lawsuits have held that the appropriate remedy is, in fact, dismissal of the official capacity claim.  *See, e.g., Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept.*, 533 F.3d 780, 789 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant."); *Cuvo v. DeBiasi*, 169 Fed. Appx. 688, 693 (3rd Cir. 2006) (unpublished decision) ("We will affirm the District Court's dismissal of the claims against the officers in their official capacities because a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them."); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("The district court correctly dismissed the claim against Stacy as redundant to the claim against the School District."); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (affirming directed verdict in favor of officially named defendants because the City of

Orlando was also a named defendant). The Court, therefore, concludes that it is appropriate to dismiss with prejudice the §1983 official capacity claims against the individual Defendants for failure to state plausible §1983 claims. This dismissal does not affect the §1983 claims against Defendant City of Las Cruces.

*2. Count VII: The NMTCA Intentional Infliction of Emotional Distress Claim*

Next, the Defendants argue that the NMTCA intentional infliction of emotional distress claim raised in Count VII should be dismissed under Rule 12(b)(6) because the NMTCA does not waive immunity to suit for the tort of intentional infliction of emotional distress against police officers. Plaintiff concedes that Count VII should be dismissed. *See Romero v. Otero*, 678 F.Supp. 1535, 1540 (D.N.M. 1987) ("[T]he Tort Claims Act does not waive the immunity of law enforcement officers for [an intentional infliction of emotional distress] cause of action standing alone as a common law tort."). Plaintiff and Defendants also agree that an intentional infliction of emotional distress claim can, nonetheless, be used as an element of damages for Plaintiff's NMTCA battery claim in Count VI of the Complaint. *See id.* ("[W]hile the claim [for intentional infliction of emotional distress] will be dismissed as a separate cause of action, it does remain as a potential element of damages under Plaintiff's battery claim, which is an enumerated act [under the NMTCA]...."). The Court will, therefore, dismiss with prejudice Count VII for failing to state a plausible NMTCA claim but will allow Plaintiff to include intentional infliction of emotional distress as an element of damages under Plaintiff's NMTCA battery claim in Count VI.

*3. The NMTCA Claims Against Defendant City of Las Cruces*

Lastly, Defendant City of Las Cruces contends that the NMTCA claims against it should be dismissed under Rule 12(b)(6) because Plaintiff failed to provide written notice of the alleged

torts to Defendant City of Las Cruces.  *See* NMSA 1978, §41-4-16(A) (1977).  Plaintiff clarifies in Plaintiff's Response to Defendants' Partial Motion for Failure to State a Claim and Cross Motion to Amend Caption (If Needed) (Doc. No. 10) at 8 that he is not bringing any NMTCA claims against Defendant City of Las Cruces.  Consequently, Defendant City of Las Cruces's argument regarding the NMTCA claims is moot.

      IT IS ORDERED that Defendants' Partial Motion to Dismiss for Failure to State a Claim (Doc. No. 6) is granted in part in that:

      1.  the §1983 official capacity claims against the individual Defendants will be dismissed with prejudice but the §1983 claims against Defendant City of Las Cruces remain unaffected by the dismissal of those claims;

      2.  Count VII of the Complaint will be dismissed with prejudice; and

      3.  Plaintiff may include intentional infliction of emotional distress as an element of damages under Plaintiff's Count VI's NMTCA battery claim.

_____
SENIOR UNITED STATES DISTRICT JUDGE